## SUCESIÓN MORALES *v.* KIECKOEFER ET AL.

APELACIÓN procedente de la Corte de Distrito de San Juan.

No. 650.—Resuelto en marzo 21, 1911.

COSTAS—HONORARIOS DE ABOGADO.—En todo pleito o procedimiento en que se concedan las costas a una parte, si la materia litigiosa excede de quinientos dollars dicha parte tendrá derecho a que se le abone, por la parte condenada, el importe de los honorarios devengados por su abogado, los que serán concedidos discrecionalmente por el juez, según el grado de culpabilidad de la parte condenada a su pago, y en caso de impugnación, la corte, previa audiencia y pruebas de las partes, dictará su resolución.

ID.—ALEGACIONES.—Aunque la demanda original en el caso de autos, se hubiera presentado con anterioridad al 1°. de enero de 1909, en que empezó a regir la ley sobre costas de marzo 12, 1908, esa demanda fué sustituída por otra enmendada de fecha posterior a aquella fecha, y tal demanda enmendada fué

la que debió originar el pleito por contener en sus alegaciones hechos determinantes de la acción ejercitada, de donde se deduce que la condena de honorarios tuvo lugar en pleito que debe considerarse iniciado después que comenzó a regir la ley regulando la impugnación de costas.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Cay. Coll y Cuchí.*

Abogado de los apelados: *Sr. Antonio Sarmiento.*

El Juez Presidente Sr. Hernández, emitió la opinión del tribunal.

Con fecha 9 de agosto de 1910, el abogado Antonio Sarmiento, en representación de Manuel Paniagua, presentó al Secretario de la Corte de Distrito del Distrito Judicial de San Juan, Sección 2ª., memorandum de las costas, a cuyo pago, según afirma, fueron condenados los demandantes por resolución de dicha corte de 30 de julio anterior, dictada en el caso arriba expresado, comprendiendo aquel memorandum dos partidas, una de tres dollars sesenta y cinco centavos por honorarios del secretario, y otra de ciento cincuenta dollars por honorarios del letrado, total ciento cincuenta y tres dollars con sesenta y cinco centavos.

Los demandantes impugnaron tal memorandum de costas, alegando que el pleito había sido iniciado antes del año 1908, sin que le fueran aplicables las enmiendas de la ley relativas a costas, y que éstas únicamente se imponían a los litigantes temerarios.

A la impugnación hecha contestó Paniagua, que aunque el pleito se iniciara antes del año 1908, la última demanda que anuló todo lo anterior, fué presentada con fecha posterior al primero de enero de 1909, y que cuando ocurre el caso de que el demandante separa de su demanda a cualquiera de los demandados, la condena de costas se impone por precepto terminante de la ley.

La corte inferior dictó resolución en 30 de noviembre de 1910, que copiada a la letra dice así:

"No es la opinión de la corte que la ley de 12 de marzo de 1908, sobre costas y honorarios, se aplique exclusivamente a juicios entabla-

dos después del primero de enero de 1909, sino a los juicios en los cuales la corte de distrito dicte sentencia definitiva después de tal fecha.

"La cuenta de los honorarios no parece excesiva. Es verdad que no se puede decir que los demandantes hayan sido en alto grado temerarios, pero sí se puede decir que cuando se entabla un pleito contra un demandado y se declara que no hay causas de acción, el demandado, después de sentencia definitiva, debe cobrar la suma por honorarios de abogado.

"Se declara sin lugar la impugnación de costas."

Contra la orden que se deja transcrita interpuso la representación de la parte demandante recurso de apelación para ante esta Corte Suprema, citando como infringida la ley de 12 de marzo de 1908, por estimarla inaplicable al pleito de que se trata, iniciado el 7 de septiembre de 1906.

El artículo 327 del Código de Enjuiciamiento Civil, tal como quedó enmendado por la ley aprobada en 12 de marzo de 1908, que comenzó a regir en 1°. de enero de 1909, dispone que en todos los casos en que en un pleito o procedimiento se concedan las costas a una parte, si la materia litigiosa excede de $500, tendrá derecho a que se le abone por la parte condenada el importe de los honorarios devengados por su abogado, costas y honorarios que serán concedidos discrecionalmente por el juez, según el grado de culpabilidad de la parte condenada por la sentencia; y el artículo 339 del mismo código, tal como quedó enmendado por la ley citada, preceptúa que en caso de impugnación del memorandum de costas, la corte señalará día para la vista, después de cuyo acto en que se practicarán las pruebas pertinentes que las partes propongan, dictará su resolución.

Ignoramos si las partes propusieron pruebas o nó, pues nada nos dice sobre ello la transcripción de autos; y por tanto, toda duda sobre la fecha en que verdaderamente comenzó el pleito debe resolverse en sentido favorable a la resolución apelada.

Tal como ha venido el récord, es de presumirse que si

se presentó la demanda en 7 de septiembre de 1906, según afirma la parte apelante, esa demanda fué sustituída por otra enmendada de fecha posterior al 1°. de enero de 1909, según sostiene la parte apelada, cuya demanda posterior fué la que debió originar el pleito por contener en sus alegaciones hechos determinantes de la acción ejercitada; y ante esa presunción, debemos aceptar que la condena de honorarios tuvo lugar en pleito que debe considerarse iniciado a los efectos del recurso después que comenzó a regir la ley aprobada en 12 de marzo de 1908.

Siendo ello así, se hace ocioso discutir, y decidir si la ley citada debe aplicarse a los pleitos comenzados antes de la vigencia de dicha ley; y por las razones expuestas, la orden apelada que dictó la Corte de Distrito de San Juan en 30 de noviembre del año próximo pasado debe confirmarse.

*Confirmada.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro y Aldrey.

El Juez Asociado Sr. MacLeary, no intervino en la resolución de este caso.